

**U.S. Department of Justice**

***Michael J. Sullivan***
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 16, 2005

All Counsel of Record

Re:     *United States vs. Luz Luciano et al.,* 04-10299-PBS

Dear Counsel:

In our status hearing in this case on January 20, 2005, I indicated that given the volume of wire interceptions in this case, the government would assist counsel in identifying the intercepted phone calls that pertain to their individual clients. Please be advised that the government is not required to produce this discovery, but is nonetheless doing so as a matter of professional courtesy. I also indicated that this would apply only to those defendants whose phones were <u>not</u> the subject of the Title III wiretaps. In other words, this assistance does not apply to defendants Jose Rosales, Valentin Martinez, Kelvin Madera, Rogelio Garcia, and Andres Martinez since their calls are much easier to identify. Therefore, this effort applies only to the following seventeen defendants:

(1) Luz Luciano
(2) Daniel Aguilar
(3) Roberto Solorio
(4) Ricardo Estrada
(5) Abdallah Hamden
(6) Howard Greenberg
(7) Edgar Hoffens
(8) Javier Angel Romero
(9) Christian Germosen
(10) Gerardo Vasseur-Ortiz
(11) Phillip Asaro
(12) Silvertre Lizardi
(13) Robert Ruscio

Page 2

      (14) Giovanni Avila
      (15) Gilberto Zayas
      (16) Luis DeJesus
      (17) Benito Grullon

For counsel for these seventeen defendants, enclosed please find the following: (1) CD(s) containing Wordperfect and/or MS Word files associated with intercepted phone calls; (2) a printed file list of the files contained on the CD(s); (3) a list of the "terms" used to find these calls; and (4) a typed summary derived from the wiretap affidavits of the more relevant calls. Let me explain what each of these items are and how they were created.

As I explained in court on January 20th, the government has created a database in a program known as "ISYS." As you may recall, my predecessor Bob Peabody mentioned this database to you in a memo he provided to each of you in November 2004 entitled "Operation World Cup: Phone Call CD Suggestions." This database contains WordPerfect and MS Word files for each intercepted phone call and for each target telephone intercepted in MA. In other words, each time a call was intercepted - whether the call was deemed "pertinent" or the call was "non-pertinent" and minimized - a word-processing file was created corresponding to that call.

Quite conveniently, each of these files are named by the target telephone number, the date and time of the call, and the call number. Therefore, by looking at this file list, you can identify the exact call and read a summary or transcript of the call. You can also take this information (the call number, the date and time of the call, the target telephone) and play the particular phone calls you want to hear from the original twenty-three CD's that were provided to you in November 2004.

In addition, as part of the file name, the files are referred to as either "Synopsis" or "Transcript." In most cases you will notice that the file is labeled Synopsis. The Synopsis files are just that; a brief narrative synopsis of the phone call prepared by the DEA monitor. The Transcripts are rough, preliminary English transcripts of the calls. In addition, there are instances where the synopsis files actually contain rough, preliminary transcripts. There are also instances where there is both a synopsis and preliminary transcript for the same call. Please be advised that pursuant to Local Rule 116.4(B)(2), these preliminary transcripts may <u>not</u> be used at trial or other hearing without court approval. At this time, the government has not prepared Spanish transcripts since there are literally thousands of recorded phone calls.

Page 3

From this database, the government is able to conduct a boolean term search of all these files.  There are thousands of files and hence, thousands of intercepted phone calls. For each defendant, I ran a search based on one or several terms; usually the defendant's first and/or last name and/or aliases and/or nicknames that were often used.  In a separate enclosure, I have provided you with a list of the terms I used to conduct the search and results of this search.  If for some reason, you think that this method is inadequate or incomplete, please let me know.  The end result should be a fairly comprehensive list of each call where your client was either intercepted or referred to during the conversation. Once this search was completed, I then copied the search results to a compact disc which is enclosed.

Please keep in mind that this process is not perfect.  Like any text search, it depends on the accuracy of the information.  There may be instances where a particular defendant is intercepted, but at the time he is not identified by the DEA and the speakers do not refer to each other by name or nickname.  This may be particularly true early on in the investigation when several of the speakers are not identified.  Once they are identified, then the DEA monitors would have begun to indicate the name or nickname of the defendant on the line-sheet.  Furthermore, once the speaker was identified, DEA Agents instructed the monitors to return to earlier line sheets to insert the suspected true name of the speaker.  This may not have occurred in every instance.  There may be other instances where the DEA monitor misspelled a defendant's name.

Furthermore, please keep in mind that in the event that the government does identify a defendant as a particular speaker in a call who was not previously identified as a defendant; or the call refers to a defendant who was not previously identified (for example A and B talk about an unknown male who is later determined to be C); and the government intends to introduce that call at trial, the government is obliged to produce transcripts of these calls in advance of trial pursuant to Local Rules 116.4(B)(3) and 117.1(A)(8).

In addition to the wiretap evidence, enclosed you will also find another CD containing scanned documents.  The originals of these documents have been available for your inspection since early December 2004.  The documents contained on the enclosed CD are two detailed drug ledgers.


I hope this information is helpful.  If you need anything else, please do not hesitate to call.

Page 4

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Neil Gallagher
Neil J. Gallagher, Jr.
Assistant United States Attorney
(617) 748-3397

Encl.